IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GILLESPIE & POWERS, INC.,

                Plaintiff,

v.

ALCOA WARRICK LLC, WARRICK
REAL ESTATE LLC AND KAISER
ALUMINUM WARRICK, LLC,

                Defendants.

Civil Action No. 23-273-GBW

## MEMORANDUM ORDER

Before the Court is Plaintiff Gillespie & Powers Inc.'s ("Gillespie") Motion for Reconsideration (D.I. 54) of an order overruling Gillespie's Objections to Magistrate Judge[1] Brookman's Order (D.I. 39) transferring the case to the District of Delaware. *See Gillespie & Powers, Inc. v. Alcoa Warrick LLC et al.*, 3:22-cv-00020-RLY-MPB, D.I. 42 (S.D. Ind. Mar. 29, 2023) (order filed on the docket in Indiana overruling objections to Judge Brookman's transfer order). For the reasons set forth below, the Court DENIES Gillespie's motion to reconsider the order overruling objections to the transfer order.

### I. BACKGROUND

#### A. Factual Background

This is an action for breach of contract between Gillespie and Defendant Aloca Warrick LLC, n/k/a Kaiser Aluminum LLC (collectively, "Kaiser"). Gillespie alleges that Kaiser failed to pay Gillespie in full for services provided pursuant to a Master Service Agreement dated August 23, 2018 ("the Contract"). On August 23, 2018, Gillespie and Kaiser entered into the

---

[1] Judge Matthew Brookman has since been confirmed as a District Judge.

1

Contract for Gillespie to provide services, labor, equipment, materials, and supervision for the construction of a coated scrap melter ("CSM"), a large industrial furnace located at 4400 State Road 66 in Newburgh, Indiana (the "Property"). D.I. 1, Ex. A. The contract price exceeded $12 million.

Following the execution of the Contract, Gillespie and Kaiser agreed to amendments to the Contract in the form of revised purchase orders. D.I. 1, Ex. B. Gillespie alleges that Kaiser requested further modifications outside the scope of the Contract and the previous amendments, to which Gillespie agreed. D.I. 54 at 2. Gillespie alleges that Kaiser accepted the full benefit of Gillespie's services but has refused to pay Gillespie the full amount due, of which Gillespie claims $2,473,226.36 remains unpaid. *Id.*

### B. Procedural Background

On January 15, 2021, Gillespie filed a Mechanic's Lien on the CSM and the Property. D.I. 1, Ex. C. On January 14, 2022, Gillespie brought this action in Indiana state court alleging Breach of Contract, Unjust Enrichment, and Foreclosure of Mechanic's Lien. D.I. 1. Kaiser removed the action to the United States District Court for the Southern District of Indiana under its diversity jurisdiction. *Id.* Kaiser then moved to transfer the case to the District of Delaware, citing a forum selection clause in the Contract. D.I. 13. Magistrate Judge Brookman granted the motion and ordered the case transferred to the District of Delaware on March 13, 2013. D.I. 39. The case was transferred the next day, March 14, 2023. D.I. 41.

On March 27, 2023 (within fourteen (14) days of Judge Brookman's transfer order), Gillespie filed objections to the transfer order on the Indiana District Court Docket. *Gillespie & Powers, Inc. v. Alcoa Warrick LLC et al.*, 3:22-cv-00020-RLY-MPB, D.I. 41 (S.D. Ind. Mar. 27, 2023). On March 29, 2023, Judge Richard Young overruled the objections as moot. *Id.*, D.I. 42

2

(Mar. 29, 2023). In his order, Judge Young explained that, once the case had been transferred, the Indiana District Court no longer had jurisdiction to consider Gillespie's objections. *Id.* On April 12, 2023, Gillespie filed the present motion to reconsider the transfer order as well as Judge Young's Order overruling the objections as moot. D.I. 54.

## II. DISCUSSION

Gillespie's motion for reconsideration fails for a number of reasons. First, to the extent Gillespie seeks reconsideration of Judge Young's Order overruling the objections to the Judge Brookman's transfer order, Judge Young's Order was correct as a matter of law. It is settled law that "[o]nce the transfer occurs, the transferor court loses jurisdiction over the case." *Pers. Staffing Grp., LLC v. Protective Ins. Co.*, 2022 WL 1471041, at *2 (S.D. Ind. May 9, 2022). Hence, Judge Young's Order correctly applied settled law and explained that the Indiana District Court lacked jurisdiction. *See Gillespie & Powers, Inc. v. Alcoa Warrick LLC et al.*, 3:22-cv-00020-RLY-MPB, D.I. 42 (S.D. Ind., Mar. 29, 2023). Thus, Gillespie's motion for reconsideration fails as to Judge Young's Order overruling Gillespie's objections to the transfer order.

Second, to the extent Gillespie seeks reconsideration of Judge Brookman's transfer order, Gillespie's motion is squarely foreclosed by Local Rule 7.1.5, which states that:

> Motions for reargument on a ruling made by a Magistrate Judge pursuant to Fed. R. Civ. P. 72 are not permitted. A party seeking review of an order, decision or recommendation disposition issued by a Magistrate Judge pursuant to Fed. R. Civ. P. 72 shall be limited to the filing of objections permitted under Fed. R. Civ. P. 72 and D. Del. LR 72(b).

D. Del. L.R. 7.1.5(b). Thus, Gillespie's motion for reconsideration fails as to Judge Brookman's transfer order.

3

Third, to the extent Gillespie seeks to object to Judge Brookman's transfer order under Rule 72(a), Gillespie waited more than the maximum fourteen (14) days to object to Judge Brookman's transfer order in this Court.[2] Fed. R. Civ. P. 72(a). Gillespie cites no authority to support a Court ignoring a well-represented party's failure to timely file its objections in the correct court. Thus, Gillespie's objections to Judge Brookman's transfer order fail.

Accordingly, the Court need not reach the merits of Gillespie's objections to the transfer motion, as the motion for reconsideration is entirely foreclosed on procedural grounds. For completeness, the Court analyzes the merits anyway, and finds that the reaching the merits would not change the result.

The Third Circuit has recognized that a transfer order becomes the "law of the case," and "should only be reversed upon a showing of 'manifest error' or 'unusual circumstances.'" *Mosiman v. Madison Companies, LLC*, C.A. No. 17-1517-CFC, 2018 WL 5630450, at *1 (D. Del. Oct. 30, 2018) (internal citations omitted). The Third Circuit has recognized that one example of "unusual circumstances" where it would be proper to entertain a motion to return the case to the transferor court is when "the successor judge is 'entertain[ing] a timely motion to reconsider the conclusions of an unavailable predecessor, because otherwise the right to move for reconsideration would be effectively denied." *Id.* at *2. "Where a successor judge is asked by timely and proper motion to reconsider the legal conclusions of an unavailable predecessor, he or she is empowered to reconsider those issues to the same extent that his or her predecessor could have." *U.S. Gypsum Co. v. Schiavo Bros.*, 668 F.2d 172, 176 (3d Cir. 1981). The Court, for the purposes of this analysis, also ignores that Gillespie's motion was neither "timely" nor

---

[2] Indeed, Gillespie has still not raised its objections in this Court—they have been attached to the motion to reconsider but have never been directly raised.

4

"proper." Assuming without deciding that Judge Young was made unavailable by the transfer order[3], the Court thus considers Magistrate Judge Brookman's Order under the "clearly erroneous or [] contrary to law" standard from Rule 72. Fed. R. Civ. P. 72(a). A magistrate judge's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 565 (1985). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Ctr. of SE Indiana, LLC v. Origin Healthcare Sols.*, LLC, 2014 WL 6674757, at *2 (S.D. Ind. Nov. 25, 2014) (internal quotation marks and citation omitted).

Gillespie entered into a contract with a mandatory forum selection clause for Delaware. D.I. 1, Ex. 1 at 274. Gillespie argues that the forum selection clause is voided by an Indiana statute which provides that a "provision in a contract for the improvement of real estate in Indiana is void if the provision . . . requires litigation, arbitration or other dispute resolution process on the Contract occur in another state." Ind. Code. § 32-28-3-17. Gillespie argues that Judge Brookman committed clear error by finding the Contract was "for equipment and not for an improvement of real estate," and as a matter of law by finding that a contract for equipment did not constitute a real estate improvement contract under Indiana law. D.I. 39 at 9.

The Court finds that Judge Brookman did not so err. Judge Brookman based his opinion in large part on the Contract's "Scope of Work and Supply" provision, which stated that "the scope of supply will consist of the engineering of the CSM System proper, refractory lining and the supply of the combustion systems, controls, and all of the associated components and

---

[3] *Cf. Mosiman*, 2018 WL 5630450, at *2 (also assuming without deciding that a transfer order makes the transferring court unavailable).

equipment needed." D.I. 39 at 8 (quoting D.I. 1, Ex. 1, at 83). Judge Brookman further justifiably relied on the Standard Terms and Conditions, which defined the "Work" as "collectively the Equipment and Services," and "Services" as including "the design, manufacture and delivery of the equipment." *Id.* at 8-9 (quoting D.I. 1, Ex. 1, at 249, 254). Judge Brookman also emphasized that other parties were responsible for the foundation and real estate work necessary to accommodate the equipment supplied by Gillespie. *Id.* at 8-9. The Court finds that the Contract and the work done constitute sufficient evidence to support Judge Brookman's factual finding that the Contract's purpose was to provide equipment, not improve real estate. Thus, the Court finds that Judge Brookman did not commit clear error as to his factual findings.

Gillespie argues that Judge Brookman erred as a matter of law by not finding that a contract to provide equipment can constitute a contract to improve real estate under the Indiana statute. Judge Brookman noted that the statute does not define "improvement of real estate," and that Indiana courts have "not formulated a clear analysis for categorizing something as such an improvement." *Id.* at 7. The case most directly on point comes from the Indiana Supreme Court, which held in a related context that an improvement to real property is "'a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.'").[4] *Gill v. Evansville Sheet Metal Works, Inc.*, 970 N.E.2d 633, 640-42 (Ind. 2012) (quoting Webster's Third New International Dictionary 1138 (unabridged ed. 1976)). Judge Brookman applied this standard and, given his findings of fact discussed above, found that the CSM "may have added value to Kaiser's business," but "did not add value to the property

---

[4] Indeed, Gillespie paradoxically cites to exactly this language in articulating the standard that Judge Brookman allegedly got wrong. D.I. 54, Ex. A at 8.

6

itself," and was thus not an improvement to real estate. D.I. 39 at 8. In support of his finding, Judge Brookman pointed to the fact that the Contract did not include civil or foundation work, that the furnace tie-ins were within fifty feet, and the utilities were to be provided by Kaiser and had to be within 25 feet of the work area. *Id.*

Gillespie argues that Judge Brookman erred because the anti-forum statute "'should be read broadly to apply to all contracts for the improvement of real estate.'" D.I. 54, Ex. A at 6 (quoting *Sullivan Corp. v. Rabco Enters., LLC*, 160 N.E.3d 1124, 1127 (Ind. Ct. App. 2020)); *see also id.* at 7 (citing *Pirson Contractors, Inc. v. Scheuerle Fahrzeugfabrik GmbH*, No. 2:07-CV-123, 2008 WL 927645 (N.D. Ind. Apr. 3, 2008)). However, Gillespie's cites to dicta may not be read so broadly. The courts in *Sullivan* and *Pirson* did not decide that all contracts for equipment are contracts to improve real estate, but merely that the anti-forum selection clause statue is not limited to mechanic's lien foreclosure actions. *See Sullivan*, 160 N.E. 3d at 1126; *Pirson*, 2008 WL 927645, at *3. Gillespie cites no case where an Indiana Court found that a contract for equipment must always constitute an improvement to real estate, nor any case applying the anti-forum selection statute to a contract for equipment purchases. The Court finds that Judge Brookman correctly applied the law to the circumstances of the case by finding that the Contract was not an improvement to real estate under Ind. Code. § 32-28-3-17.

In the motion for reconsideration, Gillespie argues for the first time that Judge Brookman improperly placed the burden on Gillespie to show that the public interest factors "overwhelmingly disfavor a transfer." D.I. 54 at 10. Gillespie's argument is waived, as motions for reconsideration may not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc., v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Moreover, Gillespie is confusing the "public policy" analysis

7

of a forum selection clause with the "public-interest factors" applicable to transferring a case. D.I. 54 at 10. Judge Brookman correctly placed the burden to demonstrate that the public interest factors "overwhelmingly disfavor a transfer," based on binding Supreme Court precedent. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 67 (2013) ("[T]he party acting in violation of the forum selection clause" must "bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer."). Thus, even if Gillespie's new argument was not procedurally barred, it is without merit.

WHEREFORE, at Wilmington this 20th day of March 2024, **IT IS HEREBY ORDERED** that Plaintiff Gillespie & Powers, Inc.'s Motion for Reconsideration (D.I. 54) is **DENIED**.

GREGORY B. WILLIAMS<br>
UNITED STATES DISTRICT JUDGE