# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GILLESPIE & POWERS, INC., | |
| Plaintiff, | C.A. No. 23-273-GBW |
| v. | |
| ALCOA WARRICK LLC, WARRICK REAL ESTATE LLC and KAISER ALUMINUM WARRICK, LLC, | |
| Defendants. | |

## DEFENDANT WARRICK REAL ESTATE, LLC'S
## REPLY IN SUPPORT OF MOTION TO DISMISS

**K&L GATES LLP**
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
Megan E. O'Connor (No. 6569)
600 N. King St., Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com
megan.oconnor@klgates.com

Dated: May 28, 2024

*Attorneys for Defendant Warrick Real Estate LLC*

**TABLE OF CONTENTS**

                                                                                                                                  **Page**

I.       Introduction ................................................................................................................. 1

          A.       In Substantial Part, the Response Improperly Re-Argues Issues Already
                  Considered and Decided by the Indiana Court ......................................................... 1

                  1.       The Indiana Court Necessarily Determined as a Matter of Law
                         That the Purchase Order Was a Contract for the Sale of Equipment
                         and Services ................................................................................................... 2

                  2.       The Indiana Court Properly Rejected Gillespie's Effort to Employ
                         a Fixture Analysis ......................................................................................... 3

          B.       Even if Gillespie's Lien Had Not Been Invalidated, Warrick Real Estate
                  has Bonded It Off and Gillespie Cannot Foreclose Warrick Real Estate's
                  Property ..................................................................................................................... 4

II.      Conclusion ................................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Dinsmore v. Lake Elec. Co.*,
    719 N.E.2d 1282 (Ind. Ct. App. 1999)......................................................................................3

*Goodrich Quality Theaters, Inc. v. Fostcorp Heating & Cooling, Inc.*,
    39 N.E.3d 660 (Ind. 2015) .........................................................................................................4

**Statutes**

Ind. Code § 32-28-3-1.....................................................................................................................3

Ind. Code § 32-28-3-3.....................................................................................................................2

Ind. Code § 32-28-3-11(c) ..............................................................................................................4

I.      INTRODUCTION

The Southern District of Indiana (the "Indiana Court") necessarily and conclusively determined in its order transferring venue (the "Transfer Order," Dkt. 39) that the agreement at issue in this litigation (the "Purchase Agreement") is not a contract for the improvement of real estate. It therefore may not give rise to a mechanic's lien by Plaintiff ("Gillespie") against Defendant Warrick Real Estate, LLC ("Warrick Real Estate") under Indiana's lien statute. In substantial part, Gillespie's Brief in Opposition (Dkt. 70 (the "Response")) relitigates matters already decided by the Indiana Court – and now representing the law of the case even under Gillespie's framing of the doctrine. The Indiana Court could not have transferred this matter to this Court without determining that the contract is not one for the improvement of real estate, and it also rejected the fixture analysis that Gillespie re-asserts here. Finally, because Warrick Real Estate has bonded off the lien in any event, the lien has been released. Gillespie's claim against Warrick Real Estate fails as a matter of law.

   A.     **In Substantial Part, the Response Improperly Re-Argues Issues Already Considered and Decided by the Indiana Court**

Gillespie acknowledges that "[t]he law of the case is established 'when a specific legal principle is applied to an issue presented by facts which remain constant throughout the subsequent course of the same litigation.'" (Response at 3 (quoting *Kenton v. Kenton*, 571 A.2d 778, 784 (Del. 1990)). When an issue "has been addressed in a procedurally appropriate way by a court," Gillespie understands, "it is generally held to be the law of that case and will not be disturbed by that court unless compelling reason to do so appears." (*Id.* (quoting *May v. Bigmar, Inc.*, 838 A.2d 285, 288 n.8 (Del. Ch. 2003) (internal quotations omitted)). Here, the Indiana Court has heard, and decided in the negative, the central issue to the claim: whether the Purchase Agreement is a contract for the improvement of real estate.

1. **The Indiana Court Necessarily Determined as a Matter of Law That the Purchase Order Was a Contract for the Sale of Equipment and Services**

Gillespie contends (*see* Dkt. 3-4) that the Indiana Court's ruling is somehow isolated to the definitions under Indiana's anti-venue statute, Ind. Code § 32-28-3-3, but as the Transfer Order makes clear, "improvement" does not have special meaning under that statute. In fact, the Transfer Order expressly relies on mechanics-lien cases in interpreting the term "improvement of real estate":

> Indiana has not defined the term "improvement of real estate." Moreover, Indiana courts have not formulated a clear analysis for categorizing something as such an improvement. In *Janero v. Norfolk Southern Railway Co.,* the Northern District of Indiana discussed Indiana court's interpretation of the word "improvement" **in the context of the broader mechanic's lien statute.** No. 1:13-cv-155-TLS, 2017 WL 993055, at (N.D. Ind. Mar. 15, 2017) ("Indiana courts have cited Black's [Law dictionary]'s definition favorably when discussing [the] word [improvement] **in the context of a mechanic's lien.**") (citing *Haimbaugh Landscaping, Inc. v. Jegen,* 653 N.E.2d 95, 102 n.18 (Ind. Ct. App. 1995)) (landscaping falls within the definition of improvement). Black's Law Dictionary defines "improvement" "[a]n addition to property, usu. real estate, whether permanent or not; esp., one that increases its value or utility or that enhances its appearance." Black's Law Dictionary (11th ed. 2019).

Transfer Order at 7 (bracketing in original; bolding added).

Because the analyses were the same, the Indiana Court necessarily needed to determine whether the Purchase Agreement was a construction contract, or, in the alternative, a contract for the sale of engineering services and equipment. (*See* Transfer Order at 6). To this end, the Transfer Order examines the Purchase Order (which was attached to and incorporated into the pleadings) in detail, considering the nature of services and goods to be provided by Gillespie; the nature of services excluded from the Purchase Order; and the Terms and Conditions of the Purchase Order.

2

(*Id.* at 8-9). Having done so, the Indiana Court construed the Purchase Agreement as a matter of law[1] as "one for equipment, which, while it may have added value to [Defendant Kaiser Aluminum Warrick, LLC]'s business, did not add value to the Property itself." (*Id.* at 8).

The Indiana Court's determination that the Purchase Agreement was not a contract for "improvement of real estate" invalidates Gillespie's mechanic's lien as a matter of law. Because Indiana's mechanic's lien statute does not apply to the sale of personal property and services, Ind. Code § 32-28-3-1, this defeats Gillespie's claim against Warrick Real Estate.

### 2. The Indiana Court Properly Rejected Gillespie's Effort to Employ a Fixture Analysis

The equipment at issue in this case (the "Scrap Melter") is not a fixture under Indiana law. (*See* Transfer Order at 9-10). Citing *Dinsmore v. Lake Elec. Co.*, 719 N.E.2d 1282, 1287 (Ind. Ct. App. 1999), the Indiana Court explained that *Dinsmore* "held equipment owned by a tenant was not a fixture because the lease allowed the tenant to remove the plant, any buildings, and any tangible property at the termination of the lease." (Transfer Order at 9-10 (quoting *Dinsmore*, 719 N.E.2d at 1287) (internal quotations omitted)). Finding *Dinsmore* applicable here, the Indiana Court observed that this case likewise entails equipment owned by one entity while Gillespie attempts to enforce a lien on real estate owned by a different one. (*Id.* at 10).

This treatment by the Indiana Court does not turn on the details of the equipment at issue in either *Dinsmore* or in this case, and Gillespie's attempt to distinguish it on that basis (Response at 5-6) therefore fails. Critical to the application of *Dinsmore* to this case is that there, as here, the equipment and the real estate subject to the lien were owned by different entities. The Indiana

---

[1] For this reason, and because the Purchase Agreement is integrated into the pleadings that were before the Indiana Court, Gillespie's complaint that "[t]he parties have not been afforded the opportunity to conduct discovery or fully litigate the issue" (Response at 4) is a nonstarter because the Indiana Court did not make a factual determination.

3

Court recognized this in the Transfer Order, and Warrick Real Estate highlighted it in its Opening Brief (Dkt. 68 at 10), but Gillespie ignores it in its Response.

As a matter of law, the Scrap Melter is not a lienable fixture – it is equipment sold to an entity other than Warrick Real Estate. The Indiana Court properly rebuffed Gillespie's attempt to shoehorn a fixture analysis into the anti-venue statute. This Court should likewise reject Gillespie's argument and should hold that Gillespie's mechanic's lien is invalid.

> B.  **Even if Gillespie's Lien Had Not Been Invalidated, Warrick Real Estate has Bonded It Off and Gillespie Cannot Foreclose Warrick Real Estate's Property**

Indiana statute mandates that when a satisfactory undertaking is filed with and approved by the court, "the property **shall** be discharged from the lien." Ind. Code § 32-28-3-11(c). Warrick Real Estate has done so here. Dkt. 28 at 2. Gillespie is not entitled to foreclosure of Warrick Real Estate's property.

*Goodrich Quality Theaters, Inc. v. Fostcorp Heating & Cooling, Inc.*, 39 N.E.3d 660, 664 (Ind. 2015), does not, as Gillespie claims (Response at 7), displace this elementary principal of commercial law. *Goodrich* entertained a different question altogether, namely, whether a creditor could proceed **against the bond** for attorneys' fees incurred in foreclosing on their liens. 39 N.E.3d at 663. Consistent with the statute, *Goodrich* explains that upon posting of the bond, "the bond released and replaced the real property as the liens' security." *Id.* at 665.

*Goodrich* does not, therefore, support Gillespie's contention that Warrick Real Estate must remain involved in this case "to determine whether or not there is a color of title on the property." (Response at 7). Indeed, the entire purpose of bonding off a lien is to **remove** a cloud on the title while the parties litigate the underlying liability. To misread *Goodrich* as Gillespie does would be to render superfluous Indiana's (or any other state's) bonding statute. Even if Gillespie's

4

mechanic's lien were otherwise valid – and it is not, for the reasons stated above and in earlier briefing – Warrick Real Estate would be entitled to dismissal.

## II.  CONCLUSION

For all the above reasons, this Court should dismiss Defendant Warrick Real Estate, LLC from this matter with prejudice.

Dated:  May 28, 2024                                      **K&L GATES LLP**

*/s/ Steven L. Caponi*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
Megan E. O'Connor (No. 6569)
600 N. King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com
megan.oconnor@klgates.com

*Attorneys for Defendant Warrick Real Estate LLC*