IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GILLESPIE & POWERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALCOA WARRICK LLC, WARRICK REAL ESTATE LLC and KAISER ALUMINUM WARRICK, LLC, <br><br> Defendants. <br><br> ALCOA WARRICK LLC and KAISER ALUMINUM WARRICK, LLC, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> GILLESPIE & POWERS, INC. <br><br> Counterclaim Defendant. | Case No. 1:23-cv-000273-GBW |

**STIPULATED PROTECTIVE ORDER**

The parties, by counsel, stipulate and agree to the following Protective Order, subject to approval and entry by the Court:

1. In this Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-captioned matter.

    b. "Designating Party" means the person, whether it be a party to the Proceedings or a third party, that designates Documents, Testimony, or Information as "Confidential."

    c.  "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Documents, Testimony, or Information, or any part thereof, or any information contained therein.

    d.  "Documents" means (i) any and all items defined by Federal Rule of Civil Procedure 34(a), whether produced or created by a party or another person, whether produced pursuant to subpoena, to discovery request, by agreement, or otherwise, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

    e.  "Information" includes the content of Documents or Testimony.

    f.  "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding, and transcripts thereof.

    g.  "Protected Material" means any Disclosure that is designated as "Confidential."

  2.  The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony, or Information that the Designating Party in good faith believes contains non-public personal, financial, or commercial information, where the public disclosure of such information is either restricted by law or could cause harm to the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his or her or its privacy or confidentiality obligations to others.

  3.  The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any party with respect to the discovery of matters, including but not limited to any party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any party's right to contest any such assertion.

4.  Any Documents, Testimony, or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

   a.  For Documents, the Designating Party must, to the extent feasible, affix the legend "Confidential" on each page of any Document containing such designated "Confidential" material.

   b.  For Testimony given in depositions or otherwise:

      i.  the Designating Party may designate material as "Confidential" either on the record during the deposition or in writing within ten (10) business days of receipt of the final transcript. If so designated, the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

   c.  For other tangible items, including, without limitation, compact discs or DVDs containing "Confidential" Information, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the "Confidential."

   d.  If electronically stored documents designated confidential are produced in native format, a Party shall include the "Confidential" legend in the metadata or on the image for each document. If a Party reduces such material to hardcopy form, the Party shall designate the hardcopy documents with the "Confidential" legend.

5.  The inadvertent production of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to

any claim that such item is "Confidential," and the producing party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the party that inadvertently produced the document shall provide each other party with replacement versions of such material that bears the "Confidential" designation within five (5) business days of discovery. Upon receipt of the replacement versions, the party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or return such Document, Testimony, or Information, together with all copies of the same, to counsel for the Designating Party and shall retain only the materials marked "Confidential." Should the receiving party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving party shall notify the Designating Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.

6. Any Party may challenge a designation of confidentiality at any time. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. In the event that counsel for a party receiving Documents, Testimony, or Information designated as "Confidential" objects to such designation, said counsel shall advise counsel for the Designating Party, in writing, of such objections and the specific Documents, Testimony, or Information, or portions of Documents, Testimony, or Information, to which each objection pertains (the "Designation Objections"). The Parties shall meet and confer regarding the Designation Objections within ten (10) business days after an objection is made. If the Parties are unable to resolve any dispute regarding the Designation

Objections, the objecting party may file a motion challenging the designation of the materials as "Confidential."

7. Access to and/or Disclosure of Documents, Testimony, or Information designated "Confidential" shall be permitted only to the following persons or entities:

    a. the Court and its personnel;

    b. Attorneys of record in the Proceeding and their partners, associates, co-counsel, paralegals, clerical, and secretarial staff;

    c. The parties to this Proceeding, including the parties' officers, directors, partners, members, employees and agents, to whom disclosure is reasonably necessary for this Proceeding;

    d. stenographers and video technicians engaged to transcribe or record depositions conducted in this Proceeding (whether at depositions, hearings, or any other proceeding);

    e. any deposition, trial, or hearing witness in the Proceeding;

    f. outside experts or expert consultants retained by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify; provided, however, that prior to the Disclosure of Documents, Testimony or Information designated "Confidential" to any such expert or expert consultant, counsel for the party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

    g. mediators, special masters, or settlement facilitators engaged by the Parties or serving by virtue of Court order;

    h. trial consultants and professional vendors to whom disclosure is reasonably necessary for this Proceeding; provided, however, that prior to the Disclosure of Documents, Testimony, or Information designated "Confidential" to any such trial consultant or professional vendor, counsel for the party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

    i. subject to the other requirements contained herein, state or federal regulators, or others, to the extent required by law, or legal or regulatory processes; and

    j. any other person or entity that the Designating Party agrees to in writing.

  8. Protected Materials shall be used by the persons or entities receiving them solely for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any other purpose whatsoever.

  9. Any Documents, Information, or Testimony that may be produced in the Proceeding, pursuant to subpoena or otherwise, may be designated as "Confidential" under the terms of this Protective Order, and any such designation by a non-party to the Proceeding shall have the same force and effect, and create the same duties and obligations, as if made by one of the parties hereto. Any such designation shall also function as consent by such producing non-party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made with respect to such designation, or any other matter otherwise arising under this Protective Order.

  10. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not in any way restrict the ability of a party to use its own Protected Materials in any manner.

11. Nothing in this Protective Order shall be construed to preclude the parties to the Proceeding from asserting in good faith that certain Protected Materials may require additional protection, such as "Highly Confidential—Attorneys' Eyes Only" designation. The parties shall meet and confer to agree upon the terms of such additional protection, and to the extent they are unable to agree, may request such additional protection from the Court at any time.

12. All persons subject to this Protective Order must take reasonable precautions to protect from unauthorized disclosure any Protected Materials produced by a Designating Party.

13. Where any Protected Materials, or Information derived therefrom, are included in any motion or other proceeding in this Proceeding, the Parties and any involved non-party shall file such documents under seal pursuant to the procedures set forth in the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means, Rule (G)(1), Electronic Filing Tips for Attorneys, and Electronic Filing of Sealed Civil Documents, available on the Court's Manuals/Procedures webpage.

14. The Parties shall meet and confer regarding the procedures for use of any Protected Materials at any hearing or trial and shall move the Court for entry of an appropriate order.

15. In the event that a producing party (including any non-party to the Proceeding) produces a Document that it later discovers or in good faith asserts to be a privileged or protected Document, the production of that Document shall not be deemed to constitute the waiver of any applicable privileges or protections. In such circumstances, the producing party must immediately notify the receiving party of the inadvertent production, and request the return or confirmed destruction of the materials. Within ten (10) calendar days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including any summaries thereof. Such return or confirmation of destruction shall not preclude the receiving party from

seeking to compel production of the materials for reasons other than its inadvertent production and shall not constitute an admission by the receiving party that the materials were, in fact, privileged or protected in any way.

16. <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

17. This Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding.

18. Upon the termination (whether by judgment, settlement or otherwise) of this Proceeding, the Parties shall have sixty (60) days to either (a) return to counsel for each Designating Party all Protected Materials of such Designating Party, and all copies thereof (except that counsel for each party to the Proceeding may maintain in its files and work product, in continuing compliance with the terms of this Protective Order) or (b) immediately (i) destroy all Protected Materials and copies thereof, and (ii) provide written certification of the destruction of such materials to counsel for the Designating Party.

Dated: February 10, 2025

| | |
|---|---|
| **MARSHALL DENNEHEY, P.C.** | **BARNES & THORNBURG LLP** |
| <u>/s/ M. Claire McCudden</u> | <u>/s/ William J. Burton</u> |
| M. Claire McCudden, Esquire (#5036) | William J. Burton (No. 6243) |
| 1007 N. Orange Street, Suite 600 | 222 Delaware Ave., Suite 1200 |
| P.O. Box 8888 | Wilmington, Delaware 19801 |
| Wilmington, DE 19899 | Tel: (302) 300-3447 |
| e-mail: mcmccudden@mdwcg.com | Email: william.burton@btlaw.com |

tel.: 302.552.4354
fax: 302.552.4340

OF COUNSEL:

Adam E. Levy
15000 Midlantic Drive, Suite 200
P.O. Box 5429
Mount Laurel, NJ 08054
Tel: (856) 414-6000
Email: aelevy@mdwcg.com

*Counsel for Gillespie & Powers, Inc.*

**K&L GATES LLP**

*/s/ Matthew B. Goeller*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
Megan E. O'Connor (No. 6569)
600 N. King St., Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com
megan.oconnor@klgates.com

*Counsel for Warrick Real Estate LLC*

OF COUNSEL:

Charles P. Edwards (admitted *pro hac vice*)
Cory L. Turner (admitted *pro hac vice*)
11 South Meridian Street
Indianapolis, Indiana 46204
Phone: (317) 236-1313
Email: charles.edwards@btlaw.com
cory.turner@btlaw.com

*Counsel for Alcoa Warrick LLC and Kaiser Aluminum Warrick, LLC*

It is so **ORDERED** this 11th day of February 2025.

_____
United States District Judge