IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GILLESPIE & POWERS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALCOA WARRICK LLC, WARRICK REAL ESTATE LLC, and KAISER ALUMINUM WARRICK, LLC,<br><br>Defendants. | Civil Action No. 23-273-GBW |

## MEMORANDUM ORDER

Pending before the Court is Defendant Warrick Real Estate LLC's ("Warrick Real Estate") Motion to Dismiss ("Motion") (D.I. 67), which has been fully briefed (D.I. 68; D.I. 70; D.I. 71). For the reasons set forth below, Warrick Real Estate's Motion (D.I. 67) is **GRANTED**.

### I. FACTUAL BACKGROUND

The following are allegations from Plaintiff Gillespie & Powers, Inc.'s ("Gillespie" or "Plaintiff") Complaint (D.I. 1-1), which are taken as true for the purpose of resolving Warrick Real Estate's Motion.[1]

On August 23, 2018, Gillespie and Defendant Alcoa Warrick LLC ("Alcoa") entered into a Master Service Agreement ("Contract"). D.I. 1-1 ¶ 5. Pursuant to the Contract, Gillespie would "provide services, labor, equipment, materials and qualified supervision" for a project ("Project") located at 4400 State Road 66, Newburgh, Indiana ("Property"). *Id.* As compensation, Gillespie would receive payment of roughly $2.2 million. *Id.* Following the execution of the Contract,

---

[1] The Complaint is located in the docket at D.I. 1-1 from pages 17 to 22. Citations in this Memorandum Order to paragraph numbers within D.I. 1-1 are to the Complaint.

1

Gillespie and Alcoa made subsequent amendments to the Contract, and Gillespie completed its performance obligations thereunder. D.I. 1-1 ¶¶ 7, 10. Gillespie alleges that Alcoa breached the Contract by failing to pay Gillespie for services rendered in the amount of $2,473,226.36. D.I. 1-1 ¶¶ 12-18.

Warrick Real Estate is the current owner of the Property. D.I. 1-1 ¶ 29. On January 15, 2021, Gillespie filed a Sworn Statement and Notice of Intention to Hold Mechanic's Lien on the Property and the Project ("Mechanic's Lien" or "Lien"), pursuant to Ind. Code § 32-28-3-3. D.I. 1-1 ¶ 26.

## II. PROCEDURAL BACKGROUND

On January 14, 2022, Gillespie filed its Complaint against Defendants Alcoa, Warrick Real Estate, and Kaiser Aluminum Warrick, LLC ("Kaiser") in Indiana state court, alleging, *inter alia*, Alcoa's breach of contract. D.I. 1-1. Defendants Alcoa and Kaiser removed the state court action to the Southern District of Indiana on February 8, 2022. D.I. 1.

On April 6, 2022, Warrick Real Estate filed a motion for approval of bond and to discharge the Mechanic's Lien in the Southern District of Indiana, proposing a surety bond in the amount of $1,779,993 – 150% of the Mechanic's Lien – to release the Property from the Mechanic's Lien ("proposed Bond"). D.I. 21; *see also* D.I. 21-1 (proposed Bond). In that motion, Warrick Real Estate asserted that it "dispute[d] the basis" of Gillespie's Mechanic's Lien but sought to release the Property from any encumbrance. D.I. 21 at 3. On April 12, 2022, Magistrate Judge Matthew Brookman[2] granted Warrick Real Estate's motion for approval of bond and to discharge the Mechanic's Lien. D.I. 28 ("Bond Approval Order").

---

[2] Judge Matthew Brookman has since been confirmed as a United States District Judge.

In the Bond Approval Order, Judge Brookman approved the "form and amount" of the proposed Bond, finding that the proposed Bond was sufficient to "guarantee or secure the undertaking." *Id.* at 2. As a result, Judge Brookman ordered that the Property be "discharged from the Lien upon the filing of the fully executed Bond with the Court within seven (7) days of [that] Order." *Id.* On the following day, Warrick Real Estate filed a notice of compliance, as well as the executed Bond. D.I. 29; *see also* D.I. 29-1 (executed Bond).

On March 13, 2023, Judge Brookman transferred this action to the District of Delaware, pursuant to a forum-selection clause. D.I. 39 ("Transfer Order"). In the Transfer Order, Judge Brookman found that "Indiana's anti-venue statute does not apply, [that] the Contract's forum-selection clause and choice of law clause are enforceable, and that transfer is appropriate." *Id.* at 1. In so doing, Judge Brookman rejected Gillespie's argument that "the forum-selection clause [was] void under Indiana's anti-venue statute, which prohibits the selection of other forums for either the choice of forum or choice of law in contracts governing improvement of real estate located in Indiana." *Id.* On March 27, 2023, in the Southern District of Indiana, Gillespie filed objections to the Transfer Order. *Gillespie & Powers, Inc. v. Alcoa Warrick LLC et al.*, No. 3:22-cv-00020-RLY-MPB, D.I. 41 (S.D. Ind. Mar. 27, 2023). On March 29, 2023, Gillespie's objections were overruled as moot by Judge Richard Young. *Gillespie & Powers, Inc.*, No. 3:22-cv-00020-RLY-MPB, D.I. 42 (S.D. Ind. Mar. 29, 2023).

Following transfer to the District of Delaware, on April 12, 2023, Gillespie filed a motion to reconsider the Transfer Order. D.I. 54. On March 20, 2024, this Court denied Gillespie's motion to reconsider for three reasons: (1) because Judge Young's order overruling the objections to the Transfer Order was "correct as a matter of law"; (2) because Gillespie's request was foreclosed by Delaware Local Rule 7.1.5; and (3) because Gillespie waited more than the

maximum number of days permitted by Rule 72(a) to object to the Transfer Order in this Court. D.I. 66 at 3-4. "For completeness," however, this Court further analyzed the merits. *Id.* at 4. This Court found that "that the Contract and the work done constitute sufficient evidence to support . . . [the] finding that the Contract's purpose was to provide equipment, not improve real estate." *Id.* at 6; *see also id.* at 5-6 (discussing the nature of the contract). Moreover, it found that "Judge Brookman correctly applied the law to the circumstances of the case by finding that the Contract was not an improvement to real estate under Ind. Code. § 32-28-3-17." *Id.* at 7.

On April 3, 2024, Warrick Real Estate filed its Motion (D.I. 67), which has been fully briefed (D.I. 68; D.I. 70; D.I. 71). The Court now addresses the merits of Warrick Real Estate's Motion to Dismiss.

## III.   LEGAL STANDARD

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). But the Court will "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)).

In evaluating a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Pinnavaia v. Celotex Asbestos Settlement Tr.*, 271 F. Supp. 3d 705, 708 (D. Del. 2017) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)), *aff'd*, 2018 WL 11446482 (3d Cir.

4

Apr. 6, 2018). Rule 12(b)(6) requires the Court to "accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff." *Brady v. Static Media*, C.A. No. 23-1078-GBW, 2024 WL 4103719, at *2 (D. Del. Sept. 6, 2024) (first citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); and then citing *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)).

"A motion to dismiss 'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Burlington Coat Factory*, 114 F.3d at 1420). The "movant bears the burden of demonstrating that the complainant failed to state a claim upon which relief may be granted." *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, C.A. No. 23-239, 2024 WL 2804703, at *1 (D. Del. May 31, 2024) (Jordan, J., sitting by designation) (citing *Young v. West Coast Indus. Relations Ass'n, Inc.*, 763 F. Supp. 64, 67 (D. Del. 1991)).

## IV.    DISCUSSION

Gillespie's Complaint asserts one cause of action against Warrick Real Estate: foreclosure of the Mechanic's Lien. *See* D.I. 1-1 ¶¶ 25-33. The only allegation in that cause of action referencing Warrick Real Estate identifies Warrick Real Estate as owner of the Property. D.I. 1-1 ¶ 29. In its Motion, Warrick Real Estate contends that the Mechanic's Lien is invalid and seeks dismissal from this action. D.I. 68 at 6-11. Because the Court agrees with Warrick Real Estate that the Mechanic's Lien is invalid, the Court grants Warrick Real Estate's Motion and dismisses Warrick Real Estate from this action.[3]

---

[3] Even if the Mechanic's Lien were valid, the Court notes that the Property subject to the Lien was discharged upon Warrick Real Estate's filing of the notice of compliance and executed Bond, pursuant to the Bond Approval Order. *See* D.I. 28; D.I. 29; D.I. 29-1 (executed Bond).

Beginning with first principles, Indiana's anti-venue statute provides that a forum selection clause within "a contract for the improvement of real estate in Indiana" is "void." Ind. Code § 32-28-3-17. As previously stated, this Court has agreed with the transferring court that "the Contract's purpose was to provide equipment, not improve real estate." D.I. 66 at 6. Further, this Court has determined that the Indiana court "correctly applied the law to the circumstances of the case by finding that the Contract was not an improvement to real estate under Ind. Code. § 32-28-3-17." *Id.* at 7. Given these conclusions, the Court now addresses the issue of whether the Mechanic's Lien is valid as against the Property owned by Warrick Real Estate.

"A mechanic's lien was a remedy unknown at common law and is purely a statutory creation." *Premier Invs. v. Suites of Am., Inc.*, 644 N.E.2d 124, 127 (Ind. 1994) (footnote omitted) (citing *Potter Mfg. Co. v. A.B. Meyer & Co.*, 171 Ind. 513, 86 N.E. 837, 838 (Ind. 1909)); *see also EdgeRock Dev., LLC v. C.H. Garmong & Son, Inc.*, 261 N.E.3d 192, 203 (Ind. 2025) ("While these liens were unknown at common law and in equity, they trace their lineage at least as far back as France's Napoleonic Code." (citation omitted)), *reh'g denied* (Aug. 20, 2025). Indiana's mechanic's lien statute permits the acquisition of a mechanic's lien upon property by "any . . . person performing labor or furnishing materials or machinery" for "the erection, alteration, repair, or removal of . . . a house, mill, manufactory, or other building . . . ." Ind. Code § 32-28-3-1.

As the Supreme Court of Indiana has long recognized, "[p]rovisions relating to the creation, existence or persons entitled to claim a mechanic's lien are to be narrowly construed since the lien rights created are in derogation of common law." *Premier*, 644 N.E.2d at 127 (citing *Puritan Eng'g Corp. v. Robinson*, 207 Ind. 58, 191 N.E. 141, 142 (Ind. 1934)). "Because the mechanic's lien is purely a creature of statute, *the burden is on the party asserting the lien to bring itself clearly within the strictures of the statute.*" *Id.* (emphasis added) (citing *Puritan Eng'g*, 191 N.E. at 142).

In construing Section 32-28-3-1, the Supreme Court of Indiana has held that the term "to erect" connotes "some physical act of labor in connection with the creation of a structure or improvement on land." *Id.* at 128. It has also noted that the "core function" of mechanic's lien statutes is to provide "a method for contractors, subcontractors, laborers, and materialmen who have increased the value of a property owner's land and not been paid to obtain remuneration." *Id.* at 131 (citation omitted). Given the Court's previous finding that the Contract was not one for the improvement of real estate, *Premier* counsels that Gillespie may not avail itself of Indiana's mechanic's lien statute. However, for the sake of completeness, the Court undergoes a fixture analysis, which would lead to the same result.[4]

Under Indiana law, "[i]t is well settled that fixtures are subject to a mechanic's lien." *Dinsmore v. Lake Elec. Co.*, 719 N.E.2d 1282, 1286 (Ind. Ct. App. 1999) (collecting cases). Conversely, "personal property or non-fixtures are not lienable." *Id.* (citation omitted). For the purpose of a fixture analysis under Indiana law, "equipment is typically thought of as personal property." *Id.* (citing *Morris v. G. Rassel, Inc.*, 576 N.E.2d 596, 599 (Ind. Ct. App. 1991)); *see also Morris*, 576 N.E.2d at 599 ("Clearly, equipment is personal property, and a mechanic's lien cannot be filed on the basis of providing personal property." (citing *Mann v. Schnarr*, 228 Ind. 654, 95 N.E.2d 138, 142 (Ind. 1950)). Thus, the Court analyzes whether the scrap melter is a fixture, as opposed to merely equipment.

---

[4] Beyond conducting a fixture analysis, analyzed *infra*, Gillespie's briefing does not otherwise contend that the Mechanic's Lien falls within Section 32-28-3-1(a). The only case discussed by Gillespie in its briefing was *Dinsmore v. Lake Elec. Co.*, 719 N.E.2d 1282 (Ind. Ct. App. 1999), which Gillespie analyzed solely under a standard fixture analysis. *See* D.I. 70 at 4-6 (citing two other cases in passing); *cf. Dinsmore*, 719 N.E.2d at 1287-89 (further conducting a trade fixture and building analysis). As Gillespie has not raised these contentions, the Court deems them waived, and does not address them. *Hampden Eng'g Corp. v. Shear Tech., LLC*, No. CV 15-7424, 2017 WL 1839284, at *1 n.2 (D.N.J. May 5, 2017) ("The Court considers any arguments not presented by the parties to be waived.").

> In order to determine whether a particular article has become so identified with real property as to become a fixture, Indiana uses a three part test which considers: 1) actual or constructive annexation of the article to the realty, 2) adaptation to the use or purpose of that part of the realty with which it is connected, and 3) the intention of the party making the annexation to make the article a permanent accession to the freehold.

*Dinsmore*, 719 N.E.2d at 1286 (citation omitted). "It is the third part of the test which is controlling. If there is doubt as to intent, the property should be regarded as personal." *Id.* (quoting *Citizens Bank of Michigan City v. Hansom*, 497 N.E.2d 581, 584 (Ind. Ct. App. 1986)).

Against this backdrop, Warrick Real Estate contends that the scrap melter is equipment that should not be considered a fixture. D.I. 68 at 10. The Court agrees with Warrick Real Estate for several reasons.

*First*, after undergoing substantive analysis, the Court has already found that the Contract was one for providing equipment, not the improvement of real estate. D.I. 66 at 6; *see also Kokomo Med. Arts Bldg. P'ship v. William Hutchens & Assocs.*, 566 N.E.2d 1093, 1095 (Ind. Ct. App. 1991) ("Even though a mechanic's lien must arise out of a contract, the right to the lien is *in rem*, and in some instances a lien may be declared and foreclosed without the recovery of a personal judgment." (citing *Mann*, 95 N.E.2d at 141)); *Hendricks v. Elite Clean Restoration LLC*, No. 24A-CC-2323, 2025 WL 3537631, at *5 (Ind. Ct. App. Dec. 10, 2025) ("When a contractor supplies labor or materials to improve real property, Indiana provides a statutory remedy to secure the resulting debt—a lien on the improved property, which when enforced may compel the property's sale to pay the debt." (quoting *EdgeRock Dev.*, 261 N.E.3d at 202-03)).

*Second*, as Warrick Real Estate observes (D.I. 68 at 10-11), like the landowner in *Dinsmore*, Warrick Real Estate owns the Property itself, not the scrap melter. Indeed, as the transferring court stated,

> [i]n *Dinsmore*, the court held [that] equipment owned by a tenant was not a fixture because the lease allowed the tenant to remove the plant, any buildings, and any tangible property at the termination of the lease. Similarly, here, as indicated in the Motion for Approval of Bond and to Discharge Lien filed by Warrick Real Estate LLC, the real property on which Gillespie has sought to enforce a lien is owned by Warrick Real Estate LLC. Kaiser continues to own the equipment on that real estate, including the [scrap melter] supplied by Gillespie.

D.I. 39 at 9-10 (cleaned up). At a minimum, the Court finds that this creates "doubt" as to the parties' intent. *See Dinsmore*, 719 N.E.2d at 1286 ("If there is doubt as to intent, the property should be regarded as personal." (citation omitted)).

*Third*, Gillespie has not met its "burden" to show that it is "clearly within the strictures of the statute." *Premier*, 644 N.E.2d at 127; *see also Hendricks*, 2025 WL 3537631, at *6 ("A property owner must have consented to the improvements to the property for the mechanic's lien to be valid." (citing *EdgeRock Dev. LLC*, 261 N.E.3d at 207)); *Cho v. Purdue Rsch. Found.*, 803 N.E.2d 1161, 1168 (Ind. Ct. App. 2004) ("This consent must be more than inactive or passive consent and the lien claimant's burden to prove active consent is especially important when the improvements are requested by someone other than the landowner." (citation omitted)).

*Fourth*, the Court may consider factual assertions made by Gillespie in its Complaint, but not in its briefing. *See, e.g., Rogers v. Mears*, C.A. No. 22-596-GBW, 2025 WL 3199161, at *9 (D. Del. Nov. 17, 2025) ("As the Third Circuit has stated, '[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" (quoting *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988))); *cf.* D.I. 70 at 6 (contending that "there has been no discovery" to allow a proper analysis as to the parties' intent).

For these reasons, having thoroughly considered the parties' briefing, the Court concludes that the scrap melter is not a fixture pursuant to Ind. Code § 32-28-3-1. Thus, because the Contract

was one for the sale of equipment, not the improvement of real estate, and the scrap melter is not equipment that can be properly categorized as a fixture, the Mechanic's Lien against Warrick Real Estate's Property is not valid. *Cf.* D.I. 70 at 4-6 (contending that the Mechanic's Lien was valid only because the scrap melter was a fixture). In sum, the Court holds that Gillespie has not stated a claim against Warrick Real Estate for foreclosure of the Mechanic's Lien, and dismisses Warrick Real Estate from this action.

\* \* \*

**WHEREFORE**, at Wilmington this 16th day of January 2026, **IT IS HEREBY ORDERED** that Warrick Real Estate LLC's Motion to Dismiss (D.I. 67) is **GRANTED**.

                                                  _____
                                                               GREGORY B. WILLIAMS
                                                          UNITED STATES DISTRICT JUDGE